IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>WESLEY CHRISTIAN,<br><br>  Defendant. | Case No. 13-40020-JAR |

**MEMORANDUM AND ORDER**

Defendant Wesley Christian was sentenced to an 87-month term of imprisonment and a five-year term of supervised release for child pornography offenses. This matter is before the Court on his Motion for Early Termination of Supervised Release (Doc. 44). The government opposes Defendant's motion.[1] The United States Probation Office ("USPO") does not take a position on the motion. For the reasons explained below, the Court grants Defendant's motion for early termination of supervised release.

**I.  Background**

Defendant was charged on April 13, 2013, with one count of distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2), and one count of possession with intent to view at least one matter that contained child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and 2. Defendant pled guilty to both counts on January 10, 2014, without a plea agreement. The Court imposed a sentence of 87 months' imprisonment, followed by a 60-month term of supervised release, and granted Defendant's motion for voluntary surrender. The 87-month sentence represented a variance from the applicable guidelines range of 151–188 months.

---

[1] Doc. 47.

Defendant had no prior criminal history.  Under 18 U.S.C. § 3583(k), the Court was required to impose a term of supervised release of five years to life.

Defendant was released from Bureau of Prisons' ("BOP") custody on March 13, 2020, and began his term of supervised release.  He has now served approximately 49 months out of the 60-month term imposed.  According to the USPO, Defendant has had no compliance issues and he has good support networks in place.  He has also completed sex offender treatment and has had no significant reactions on his polygraph tests.  Defendant has maintained steady employment and housing during his term of supervision.

## II.     Discussion

Defendant seeks early termination of his five-year term of supervised release under 18 U.S.C. § 3583(e)(1), which authorizes the Court to terminate a defendant's term of supervised release "at any time after the expiration of one year of supervised release" if the Court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  In deciding whether to terminate supervised release early, § 3583(e) directs the Court to consider certain factors set forth in 18 U.S.C. § 3553(a).[2]  Whether to grant a motion for early termination rests within the discretion of the Court.[3]

The Judicial Conference recommends that Courts consider two sets of factors under 18 U.S.C. § 3553(e), depending on whether the defendant has been on supervised release for 18 months.[4]  For defendants like Christian requesting early termination after serving 18 months or

---

[2] *See United States v. Warren*, 650 F. App'x 614, 615 (10th Cir. 2016) (citing 18 U.S.C. § 3583(e)(1)).
[3] *Rhodes v. Judisak*, 676 F.3d 931, 933 (10th Cir. 2012).
[4] Judicial Conference of the United States, Guide to Judiciary Policy, vol. 8, § 360.20(b)–(c) (July 2, 2018).

more of supervision, a presumption in favor of early termination of supervised release applies if they meet the following criteria:

> (1) The person does not meet the criteria of a career drug offender or career criminal (as described in 28 U.S.C. § 994(h)) or has not committed a sex offense or engaged in terrorism;
> (2) The person presents no identified risk of harm to the public or victim;
> (3) The person is free from any court-reported violations over a 12-month period;
> (4) The person demonstrates the ability to lawfully self-manage beyond the period of supervision;
> (5) The person is in substantial compliance with all conditions of supervision; and
> (6) The person engaged in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision.[5]

As described below, Defendant meets the second through sixth criterial of this provision. But Defendant concedes that his offenses of conviction disqualify him from a presumption in favor of early termination under the Judicial Conference's guidance. Therefore, the Court considers the factors under § 3553(a), and whether early termination is in the interests of justice.

### A.     Section 3553(a) Factors

While the Court has the authority to terminate supervised release after one year, it must consider certain factors set forth in § 3553(a) before ending supervision: (1) the nature and circumstances of the offense and the defendant's personal history and characteristics; (2) adequate deterrence; (3) protection of the public; (4) the need for effective education, training, care or treatment; (5) the sentencing guideline factors and range in effect at the time of sentencing; (6) pertinent Sentencing Commission policy statements; (7) the need to avoid

---

[5] *United States v. Shaw*, 611 F. Supp. 3d 1170, 1173–74 (D. Colo. 2020) (quoting Guide to Judiciary Policy, vol. 8, § 360.20(c)(1)–(6)).

unwarranted sentencing disparities between similarly-situated defendants; and (8) the need to provide victim restitution.[6]

The Court finds that the relevant § 3553(a) factors weigh in favor of terminating Defendant's supervised release. The Court certainly gives weight to the nature and circumstances of the offenses of conviction—child pornography crimes. These are serious crimes that exploit the most vulnerable. The Court is mindful that the materials Defendant obtained and viewed in this case involved hundreds of images, and included images that depicted the sexual abuse of infants and toddlers. Defendant also admitted to photographing young females without their consent.

Defendant's personal history and characteristics weigh in favor of termination. Defendant was young—almost 24—at the time he was charged. He pled guilty, accepted responsibility, and voluntarily surrendered to custody after his sentencing. He availed himself of vocational programming while still in BOP custody. As the government concedes, Defendant's conduct while on supervised release has been commendable. There have been no violations of the terms of his supervised release, he has completed sex offender treatment, and he has maintained employment with the same employer since November 2020. Defendant represents he has been in a year-long healthy relationship with his girlfriend. They hope to purchase a home together soon. They maintain healthy social contacts such as hiking and playing disc golf. These facts do not demonstrate mere compliance with the conditions of supervised release, they demonstrate exceptionally positive steps to reintegration.

The Court also finds that early termination of supervised release achieves adequate deterrence. As Defendant argues, specific deterrence has been served by the four-year term of

---

[6] 18 U.S.C. § 3583(e) (citing 18 U.S.C. § 3553(a) factors).

supervised release he has already served with no issues. And Defendant's employment and social progress since he was released from BOP custody incentivize him to avoid future offending conduct. The Court also agrees with Defendant that general deterrence is served by rewarding an offender such as this Defendant, who has served 80% of his supervised release term with the kind of commendable reintegration that supervised release is designed to encourage. Defendant's conduct while on supervision, coupled with his lack of criminal history, convinces the Court that Defendant does not present an identifiable risk to the public or victims.

The applicable statutory supervised release sentencing range is five years to life. The government argues that terminating Defendant's term of supervised release early when he was sentenced to a mandatory minimum term of supervised release, is contrary to the law and the need to avoid unwarranted sentencing disparities between similarly-situated defendants. The Court does not find that the mandatory nature of the supervised release term imposed at the time of sentencing means that the Court lacks authority to terminate Defendant's term of supervised release early under § 3583(e)(1). Although the Tenth Circuit has not provided clear guidance on this issue, the Sixth Circuit has explained that by requiring a specific term of supervised release at sentencing, "Congress did not alter the court's separate authority to *terminate* a sentence of supervised release, under 18 U.S.C. § 3583(e)(1), if the conduct of the person and the interest of justice warranted it."[7] The Court finds that it has authority to terminate Defendant's term of supervised release early, despite the mandatory nature of the original term of supervised release. The Court further finds that Defendant's conduct and the interest of justice warrants early termination.

---

[7] *United States v. Spinelle*, 41 F.3d 1056, 1060 (6th Cir. 1994); *accord United States v. Lester*, 92 F.4th 740, 742–43 (8th Cir. 2024); *United States v. King*, 551 F. Supp. 2d 1298, 1300–01 (D. Utah 2008).

The parties agree that restitution is not an issue in this case.

B.      **Interests of Justice**

Having considered the § 3553(a) factors, the opinion of the USPO, and the position of the government, the Court is satisfied that terminating supervision is in the interests of justice. Defendant has shown admirable progress during the four years he has been on supervised release.  This conduct, as detailed above, demonstrates that Defendant is prepared and able to transition back into society without the continued support of the USPO's supervision.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Early Termination of Supervised Release (Doc. 44) is **granted**.

**IT IS SO ORDERED.**

Dated: May 15, 2024

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE
